

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*     John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

November 29, 2004

Scott F. Gleason, Esq.
Gleason Law Offices
163 Merrimack
Haverhill, MA 01830

    Re:   <u>United States v. Todd et al.</u>
          Cr. No. 04-10246-PBS

Dear Attorney Gleason:

    This letter responds to the requests contained in your discovery letter dated October 20, 2004, referring to each by the number given.

    1.  The government will produce timely all grand jury minutes of any individuals it plans to call as witnesses at the trial.  Although the relevant statute (the Jencks Act at 18 U.S.C. § 3500(a)) does not require the disclosure of such materials prior to the conclusion of the witness' direct examination at trial, the undersigned AUSA's practice is to disclose such materials 14-21 days before trial.

    2, 8, 10.  As you are aware, the government produced a substantial number of documents to the defendants in August of 2004, prior to the probable cause hearing.  These included, among other things, the majority of FBI 302 reports relating to the investigation of the robbery and of interviews with potential witnesses.  Because it is unclear what documents you did or did not receive, the government will provide you with a new complete set, with the exception of the statements of Tanya Tinkham, which the government will produce at the time it produces the Jencks statements of trial witnesses.  Further, as with the documents provided to you previously, the government will continue at present to redact personal, sensitive information (e.g., home

Page 2

address or SSN) with respect to certain individuals.

    3.  As far as the government is aware, there are no videotapes relating to the crime scene for the date in question. As previously produced documents reflect, the ATM videotape was taken during the theft.

    4.  The government has produced all the documents in its custody, possession and control regarding activity at the ATM at the time of the alleged offense. The government is in the process determining whether any further records exist and, subject to the potential redaction of personal, sensitive information, will produce any records it discovers.

    5-6, 12.  The government believes it has produced any police records, and all the Brinks records in its custody, possession or control that were received pursuant to the investigation. The government is in the process determining whether any further records exist and will produce any records it discovers.

    7.  The government believes it has produced all the bank records in its custody, possession or control. With respect to those requested, the government is in the process of determining whether any such records exist and, subject to the potential redaction of any information that might adversely affect bank security, e.g., disclosure of combinations, will produce any records it discovers.

    9.  The government believes you have been provided with any report relating to statements made by your clients. As set forth above, though, and subject to the caveats noted, the government is providing you with a complete set of reports and documents.

    11.  The government is not presently aware of any such evidence, but understands its ongoing obligations to disclose such evidence should it become aware of any.

                                Very truly yours,

                                  MICHAEL J. SULLIVAN
                                United States Attorney

                    By:  /s/Donald L. Cabell
                        DONALD L. CABELL
                        Assistant U.S. Attorney