TABLE OF CONTENTS

INSTRUCTION NO.                                                    PAGE

1          Presumption of Innocence; Burden of Proof;
           Reasonable Doubt . . . . . . . . . . . . . . .    1

2          Function of the Jury . . . . . . . . . . . . .    3

3          Direct and Circumstantial Evidence;
           Inferences . . . . . . . . . . . . . . . . . .    5

4          Credibility of Witnesses . . . . . . . . . . .    7

5          Credibility - Prior Inconsistent
           Statements . . . . . . . . . . . . . . . . . .    9

6          Expert Testimony . . . . . . . . . . . . . . .    10

7          Punishment . . . . . . . . . . . . . . . . . .    11

8          "On or About". . . . . . . . . . . . . . . . .    12

9          Stipulation of Fact. . . . . . . . . . . . . .    13

10         The Indictment and the Statute . . . . . . . .    14

11         Bank was Federally Insured . . . . . . . . . .    16

12         Defendants Took and Carried Away Money
           In Possession of Bank. . . . . . . . . . . . .    17

13         Intent . . . . . . . . . . . . . . . . . . . .    19

14         Value of Property Taken. . . . . . . . . . . .    20

15         Aiding and Abetting, 18 U.S.C. §2 . . . . . . .    22

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | Criminal No.  04-10426-PBS |
| BRIAN TODD and SHAWN TODD | ) | |

**GOVERNMENT'S REQUEST**
**FOR JURY INSTRUCTIONS**

Pursuant to Fed. R. Crim. P. 30, the United States of America hereby submits its requests for jury instructions in the above-captioned action.  The government respectfully reserves the right to supplement, modify, or withdraw these instructions in light of the defendants' jury instructions.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/Donald L. Cabell
DONALD L. CABELL
S. WAQAR HASIB
Assistant U.S. Attorneys
(617) 748-3100

INSTRUCTION NO. 1

PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT

As you know, this is a criminal case in which the United States has charged the defendants with committing a particular crime.  Like every criminal case, the defendants here are presumed by law to be innocent.  This presumption of innocence stays with the defendants throughout the course of the trial.  It can be overcome only when the United States introduces during the trial competent evidence that satisfies its burden of convincing you beyond a reasonable doubt of the defendants' guilt with respect to every element of the offense.

The United States has the burden of proving to you, beyond a reasonable doubt, that the defendants are guilty of the crime charged.  This burden of proof rests upon the United States and it never shifts to the defendants.  The defendants are not required to prove anything to you or to present any evidence at all.  If the United States fails to meet its burden of proof, then you must acquit the defendants.  If, however, the government does meet its burden of proof beyond a reasonable doubt, then you have a similar responsibility to find them guilty.

Proof beyond a reasonable doubt is a phrase often used but difficult to define.  It is proof that leaves you firmly convinced that the defendants are guilty.  A reasonable doubt is not doubt in the mind of a juror who is looking for a doubt or

1

INSTRUCTION NO. 1 (Cont.)

PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT

who is looking for an excuse to acquit the defendants.  It is
doubt in the mind of a reasonable juror who is earnestly seeking
the truth. As the words themselves imply, it is a doubt based on
reason and common sense.

Reasonable doubt is not doubt beyond all possibility of
doubt, beyond every conceivable doubt, or beyond a shadow of a
doubt. The United States is not required to prove the charge to
an absolute or mathematical certainty since there are few things
in this world that we know with absolute certainty. Thus, the law
does not require that the Unites States prove its case to the
same degree of certainty that you have when you add two plus two
and get four. As I stated earlier, proof beyond a reasonable
doubt is proof that leaves you, as reasonable persons, firmly
convinced of the defendants' guilt.

Pattern Criminal Jury Instructions, §S21, Federal Judicial Center
(1982); United States v. DeVincent, 632 F.2d 147, 152-153 and n.7
(1st Cir.), cert. denied, 449 U.S. 986 (1980); United States v.
Gibson, 726 F.2d 869, 873-874 (1st Cir.), cert. denied, 466 U.S.
960 (1984); United States v. Munson, 819 F.2d 337, 345-346 (1st
Cir. 1987); United States v. Olmstead, 832 F.2d 642, 644-646 (1st
Cir. 1987), cert. denied, 486 U.S. 1009 (1988); United States v.
Jorge, 865 F.2d 6, 10-11 (1st Cir. 1989); United States v.
Campbell, 874 F.2d 838, 841-843 (1st Cir. 1989).

INSTRUCTION NO. 2

FUNCTION OF THE JURY

The function of you as jurors is to determine the facts. You are the sole and the exclusive judges of the facts. You alone decide the weight, the effect and the value of the evidence and the credibility -- that is, the believability -- of the witnesses. Once you determine the facts, it is your duty to apply those facts to the law as I explain it to you in order to decide whether the defendants are guilty or not guilty of the charge the United States has brought against them. You must determine the facts without prejudice, without fear, without favor, solely from a fair consideration of the evidence. Once you let fear or favor or prejudice or bias or sympathy enter into your deliberations, there is a great risk that you will not arrive at a true and just verdict. In the same vein, you may not consider in your deliberations any personal feelings you may have about the race, religion, national origin, sex or age of the defendants or any witness who testified during the course of the trial. You are not to decide the case on the basis of what you have heard or read outside the courtroom or according to any guesswork or speculation. You cannot speculate as to what might or might not have happened nor can you allow yourselves to be influenced by your view of the nature of the crime with which the defendants have been charged or

3

INSTRUCTION NO. 2 (Cont.)

FUNCTION OF THE JURY

the consequences of your verdict. Instead you must confine your

deliberations to the evidence and to nothing but the evidence.

See Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §15.01 (3d ed. 1977 and 1990 cum. supp.).

<u>INSTRUCTION NO. 3</u>

<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES</u>

In your role as jurors, there is an important power that you have and that you inevitably must exercise while considering and evaluating the evidence that's been presented during the course of this trial. That is the power to draw inferences.

To set the stage for discussing inferences, let me tell you that there are two types of evidence which you may use to determine the facts of a case: direct evidence and circumstantial evidence. Direct evidence is evidence of what a witness sees, hears, touches or in some other way perceives with one of his or her senses. Circumstantial evidence exists where a witness cannot testify directly about the fact that is to be proved, but you are presented with evidence of other facts and then asked to draw reasonable inferences from them about the fact which is to be proved.

What do I mean by an inference? Let me begin, first of all, with an abstract or theoretical definition of an inference, if you will. An inference is a permissible deduction that you may make from evidence that you have accepted as believable. Drawing inferences is something you do every day. Inferences are little steps in reasoning, steps in which you take some known information, apply your experience in life to it, and then draw a conclusion. Some inferences may be consistent with guilt, and

6

INSTRUCTION NO. 3 (Cont.)

DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES

some may be consistent with innocence.  When an essential element
of a crime has not been proven by direct evidence -- that is, by
evidence of what somebody saw, or heard, or in some way perceived
with one of the five senses -- when it hasn't been proven in that
fashion, you jurors must use your collective and general
knowledge in determining whether that element has been
established by inferences reasonably drawn from other facts in
evidence.  Any inference which you draw from such facts must be a
reasonable and natural one and not merely conjecture or
guesswork.

Circumstantial evidence alone may be sufficient to convict
the defendants if it persuades you beyond a reasonable doubt that
the defendants are guilty of the offense alleged in the
Indictment.

United States v. Clifford, 979 F.2d 896 (1st Cir. 1992);
United States v. Wight, 968 F.2d 1393, 1395 (1st Cir. 1992);
United States v. Batista-Polanco, 927 F.2d 14, 17 (1st Cir.
1992).

7

INSTRUCTION NO. 4

CREDIBILITY OF WITNESSES

In performing your role as jurors, your function, ladies and gentlemen, is to evaluate the exhibits that have been introduced and to determine and judge the credibility of the testimony of the witnesses.  What do I mean by credibility? That is simply a three-dollar word for "believability".  It is your function and your function alone to determine the believability of the witnesses who came forward and testified.  You are free to decide that you believe all of what a witness told you, or none of what a witness told you, or some of what a witness told you.  You're free to do that all in accordance with your collective judgment as to the believability of what it was that the witness told you while on the witness stand.

Now, how do you go about making this critically important judgment about the believability of what the witnesses told you while they were testifying? Having raised the question, I tell you that I cannot -- indeed, nobody can -- tell you all of the ways that you go about making this terribly important judgment about credibility.  I can suggest to you, however, some of the things that you should look at in making that judgment.  You should consider, for example, the conduct and the demeanor of the witness while testifying, the frankness or lack of frankness that the witness displayed while testifying, the reasonableness or the

8

INSTRUCTION NO. 4 (Cont.)

CREDIBILITY OF WITNESSES

unreasonableness of the testimony itself, the probability or
improbability of that testimony, the opportunity or lack of
opportunity that the witness had to see and to know the facts
about which he or she was testifying, the accuracy of the
witness's recollection, the degree of intelligence shown by the
witness, whether the witness has attempted to fill in gaps in his
or her memory of events with information he or she obtained after
the event was over.  You may also consider whether the witness
has a motive for testifying and, of course, the interest or lack
of interest that the witness may have in the outcome of the case.
You should take into consideration the character and the
appearance of the witness at trial and any bias he or she has
shown in his or her testimony.  The list is not exhaustive.  It
is, rather, a list of examples of the things you may take into
account and should take into account in making that judgment.

United States v. Hardy, No. 91-10180-K, Charge to the Jury (D.
Mass. Nov. 13, 1991) (Keeton, J.).

9

INSTRUCTION NO. 5

CREDIBILITY - PRIOR INCONSISTENT STATEMENTS

You should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial. You should keep in mind, of course, that a simple mistake or inadvertent omission by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement or omission, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.

Pattern Jury Instructions - Criminal Cases, §6.1, District Judges Association, Eleventh Circuit (1985).

10

<u>INSTRUCTION NO. 6</u>

<u>EXPERT TESTIMONY</u>

You may or may not have heard testimony from persons described as experts.  Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinions.

Expert testimony should be considered just like any other testimony.  You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, § 15.22 (3rd ed. 1977) (modified).

11

INSTRUCTION NO. 7

PUNISHMENT

The punishment provided by law for the offense charged in the indictment is a matter solely for the judge to decide.  The jury should make its decision as to whether a defendants are guilty or not guilty on the basis of the evidence presented, and must not consider the possible punishment in any way in coming to that determination.

U.S. Fifth Circuit District Judges Association, Pattern Jury Instructions (Criminal Cases) 21 (1979); Devitt and Blackmar, Federal Jury Practice and Instructions, § 18.02 (3d ed. Supp. 1982).

INSTRUCTION NO. 8

"ON OR ABOUT"

You will note that the indictment charges that the offense was committed "on or about" a certain date rather than "on" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

---

1 Mod. Fed. Jury Instructions, § 6.06, Instruction No. 6-17, p. 6-43; Devitt and Blackmar, Federal Jury Practice and Instructions, § 13.05 (3d ed. 1977); United States v. Brody, 486 F.2d 291 (8th Cir. 1973), cert. denied, 417 U.S. 929 (1974).

INSTRUCTION NO. 9

STIPULATION OF FACT

During the presentation of evidence, stipulations between the government and the defendants may have been read to you. This means simply that both sides accept as fact the proposition stated in the stipulation.  In other words, there is no disagreement as to that fact and you must accept it as fact.

See Federal Judicial Center, Pattern Criminal Jury Instructions, 12 (1988).

14

<u>INSTRUCTION NO. 10</u>

<u>THE INDICTMENT AND THE STATUTE</u>

The indictment charges the defendants with bank larceny in violation of Section 2113(b) of Title 18 of the United States Code.  Specifically, it charges that on or about October 16, 2000, at Wilmington, in the District of Massachusetts, Brian Todd and Shaun Todd did take and carry away, with intent to steal and purloin, money exceeding $1,000 belonging to, or in the care, custody, control, management, or possession of a bank, to wit: $100,000 from an automated teller machine at 223 Lowell Street in Wilmington, Massachusetts.

Thus, in order to prove this charge against the defendants, the government must establish beyond a reasonable doubt each of the following four elements of the offense:

1.    First, that on or about October 16, 2000, Fleet Bank was a federally insured bank;

2.    Second, that the defendants took and carried away money which had been in the possession or care of the bank;

3.    Third, that the defendants intentionally took the money knowing that they were not entitled to it; and

15

<u>INSTRUCTION NO. 10 (Cont.)</u>

<u>THE INDICTMENT AND THE STATUTE</u>

4.    Fourth, that the money or property the defendants

took had a value in excess of $1,000.

18 U.S.C. §2113(b); Sand, <u>Modern Federal Jury Instructions</u>, No.
53-17, 18 (2000).

INSTRUCTION NO. 11

BANK WAS FEDERALLY INSURED

The first element which the government must prove to you beyond a reasonable doubt is that on or about October 16, 2000, Fleet Bank was a federally insured bank.

For the purposes of this case, a federally insured bank is an institution whose deposits (or accounts) are insured by the Federal Deposit Insurance Corporation.

Sand, Modern Federal Jury Instructions, No. 53-19 (2000).

17

INSTRUCTION NO. 12

DEFENDANTS TOOK AND CARRIED AWAY MONEY IN POSSESSION OF BANK

The second element the government must prove to you beyond a reasonable doubt is that the defendants took and carried away money which had been in the care, custody, control, management, or possession of the bank.

To establish this element, the government must prove that the defendants took and carried away money which had been in the possession or care of the bank, and that the defendants obtained this money without the consent of the bank.

A person "carries away" money or property if he moves it from one location to another. Any degree of movement by a person of property constitutes the carrying away of property. (For example, if money is placed on a counter by a bank employee and an individual moves that money a few inches from its original location, without any bank employee's consent, that individual has "carried away" that property under the law.)

Although the words care, custody, control, management and possession have somewhat different meanings, for purposes of this element they express a similar idea. That is that the bank had control over and responsibility for the money. For example, money that is in the bank's vault is in the possession of the bank. Property is in the "care" of the bank if the bank has made a commitment to guarantee the security or safety of the property.

18

<u>INSTRUCTION NO. 12 (Cont.)</u>

<u>DEFENDANTS TOOK AND CARRIED AWAY MONEY IN POSSESSION OF BANK</u>

Deposits contained in a night depository located outside of the bank are an example of property in the "care" of the bank.

Money remains in the care and custody of the bank while it is being transported between banks or between branches of one bank.  Therefore, money being transported between banks by armored car remains in the custody and control of the bank.

Sand, <u>Modern Federal Jury Instructions</u>, No. 53-46 (2000).

19

INSTRUCTION NO. 13

INTENT

The third element the government must prove beyond a reasonable doubt is that the defendants took the money from the bank willfully.  That is, the government must establish that the defendants intentionally took they money knowing at the time of the taking that they were not entitled to that money.

Obviously, you cannot enter the defendants' mind to learn if they intended to take the money from the bank.  However, you may infer that the defendants had the required intent from the surrounding circumstances of the case, including the words and acts of the defendants.

In order to convict the defendants, these circumstances must convince you beyond a reasonable doubt that the defendants took money that, at the time of the taking, they knew they were not entitled to.

Sand <u>Modern Federal Jury Instructions</u>, No. 53-21 (2000).

20

INSTRUCTION NO. 14

VALUE OF PROPERTY TAKEN

The final element the government must prove beyond a reasonable doubt is that the property the defendants took was worth more than $1,000.

In determining the value of the property, you should think of what an ordinary person would be willing to pay to gain possession of the property.  If you find, beyond a reasonable doubt that an ordinary, reasonable person would pay more than $1,000 to acquire the property that the defendants took, then you should find (and note in the space provided on the verdict form) that the value of the property was "in excess of $1,000."  If, however, you find that an ordinary, reasonable person would not pay more than $1,000 for the property, or if you have a reasonable doubt whether an ordinary person would pay more than $1,000 for the property, then you should find (and note on the verdict form) that the value of the property was "not in excess of $1,000."

Of course, an ordinary, reasonable person would not knowingly buy stolen property. For example, an ordinary person would not buy blank checks because he would suspect that they were stolen, and possession of stolen property is illegal.  If an ordinary person would not purchase the property because of a high probability that it was stolen, then you must look to the amount

21

INSTRUCTION NO. 14 (Cont.)

VALUE OF PROPERTY TAKEN

of money that other criminals would normally be willing to spend
in order to acquire the property.  If you find, beyond a
reasonable doubt, that other criminals would pay more than $1,000
to acquire the property that the defendants took, then you should
find (and note in the space provided on the verdict form) that
the value of the property was "in excess of $1,000."  If,
however, you find that other criminals would not pay more than
$1,000 for the property, or if you have reasonable doubt whether
other criminals would pay more than $1,000 for the property, then
you should find (and note on the verdict form) that the value of
the property was "not in excess of $1,000."

Sand, Modern Federal Jury Instructions, No. 53-23 (2000).

22

INSTRUCTION NO. 15

AIDING AND ABETTING - 18 U.S.C. §2

The Indictment also charges the defendants with aiding and abetting others in violating the bank larceny statute.

Title 18, United States Code, Section 2, which is the aiding and abetting statute, provides in part:

> Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal.

This means that the guilt of an accused defendant in a criminal case may be established without proof that the particular defendant personally did every act constituting the alleged offense. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his agent, or by acting in concert with, or under the direction of, another person in a joint effort or enterprise.

So, if a particular defendant aids and abets another person or persons by willfully joining together with such person in the commission of a crime, then the law holds that particular defendant responsible for the acts and conduct of such other persons just as though he had committed the acts or engaged in such conduct himself.

Since each defendant is charged with aiding and abetting the bank larceny, you may find a particular defendant guilty of bank

23

INSTRUCTION NO. 15 (Cont.)

AIDING AND ABETTING - 18 U.S.C. §2

larceny under Count One even if you find that particular
defendant's conduct did not constitute a substantial step, so
long as you find that the particular defendant knowingly and
wilfully aided and abetted someone else who you find did commit
the crime of bank larceny.  The person whom the defendant aided
and abetted need not be a defendant in this case, so long as you
find that this other person committed the crime of bank larceny.

     You must note, however, that before a particular defendant
may be held criminally responsible for the acts of others, it is
necessary that the accused defendant willfully associate himself
in some way with the criminal venture, and willfully participate
in it as he would in something he wishes to bring about; that is
to say, that he must willfully seek by some act or omission of
his to make the criminal venture succeed.

     Furthermore, mere presence at the scene of a crime and
knowledge that a crime is being committed are not sufficient to
establish that a particular defendant aided and abetted the crime
unless you find beyond a reasonable doubt that the defendant was
a participant at that or an earlier time, and not merely a
knowing spectator.

     In other words, you may not find a particular defendant
guilty unless you find beyond a reasonable doubt that every

24

INSTRUCTION NO. 15 (Cont.)

AIDING AND ABETTING - 18 U.S.C. §2

element of the offense of bank larceny, as I elsewhere

defined those elements, was committed by some person or persons,

and that the particular defendant then under your consideration

willfully aided and abetted the crime by assisting in its

commission.

    If you do find a particular defendant guilty of aiding or

abetting bank larceny, you should record a guilty verdict on your

verdict form in the same manner you would if you found the

particular defendant guilty of committing the same offense as a

principal.

Pattern Criminal Jury Instructions, Fifth Circuit Judges
Association (West 1979), pp. 31-33; Unites States v. Kegler, 724
F. 2d 190, 200-201 (D.C. Cir. 1984).