UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 04-10246-PBS |
| | ) | |
| BRIAN TODD and | ) | |
| SHAUN TODD | ) | |

**GOVERNMENT'S MOTION IN LIMINE TO READ PORTIONS OF SHARON DESPRES' GRAND JURY TESTIMONY INTO THE RECORD AS PAST RECOLLECTIONS RECORDED**

The government anticipates calling Sharon Despres to the stand. The government expects Ms. Despres to testify that she does not at this time recall all of the events that occurred at the ATM in question on October 16, 2000. Thus, the government seeks to read into the record at trial limited portions of her grand jury transcript dated May 2, 2001, in which she describes the events in question in detail. These portions of her transcript are admissible as past recollections recorded, under Rule 803(5) of the Federal Rules of Evidence. Moreover, they are not precluded by the Supreme Court's decision in <u>Crawford v. Washington</u>, 541 U.S. 36 (2004).

**I.  Ms. Despres's Grand Jury Transcript is a Past Recollection Recorded**

Under the Federal Rules of Evidence, a past recollection recorded is admissible as a hearsay exception if the proponent of the recorded recollection can show the following four elements:

1

- The witness's memory is exhausted such that it cannot be refreshed by allowing the witness to read the document;
- A document exists that contains the witness's past knowledge on that point;
- The witness either made the document personally, or it was made by someone else and the witness verified it; and
- The document was made or verified at a time when the events it recorded were fresh in the witness's mind.

Fed.R.Evid 803(5); see, e.g., United States v. Picciandra, 788 F.2d 39, 44 (1st Cir. 1986). Here, the government anticipates that Ms. Despres will testify that her memory with respect to certain details of the incident that occurred on October 16, 2000, is exhausted and cannot be refreshed by reading her grand jury transcript. The government also anticipates her to testify that the transcript contains testimony that she personally gave before the grand jury on May 2, 2001, and that her memory of the events that occurred at the ATM on October 16, 2000, were at that time fresh in her mind. Thus, Ms. Despres' grand jury transcript is admissible as an exception to the hearsay rules. Fed.R.Evid. 803(5); see also United States v. Patterson, 678 F.2d 774, 777 (9th Cir. 1982) and United States v. Shorter, 188 F.3d 505 (4th Cir. 1999) (unpublished)(admitting as past recollection recorded the grand jury testimony of a trial witness whose memory was exhausted);

**II.  Use of Grand Jury Transcripts as Past Recollections Recorded is not prohibited by Crawford**

Grand Jury transcripts are admissible as past recollections recorded even after the Supreme Court's holding in Crawford v.

Washington, 541 U.S. 36 (2004). In Crawford, the Court found that a defendant's Sixth Amendment right to confront his accusers is violated if the government seeks to admit prior testimonial statements of a witness who does not testify at trial, unless that witness is unavailable and the defendant has already had an opportunity to cross-examine that witness about his/her prior statement. Id. at 1369. Critical to the Crawford analysis is the unavailability of the witness whose prior testimony the government seeks to admit. Id. at 53-57, citing Mattox v. United States, 156 U.S. 237, 238 (1895)(murder witness deceased before trial); also citing Mancusi v. Stubbs, 408 U.S. 204, 211 (1972)(witness moved to Sweden).

In contrast, here Ms. Despres will testify at trial, thus giving the defendants every opportunity to confront her under cross-examination. Indeed, in Crawford the Court specifically emphasized that its holding did not apply to cases such as this one: "we reiterate that... when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." Crawford, 541 U.S. at 1369 n.9. In short, because the defendants here will have an opportunity to confront Ms. Despres, Crawford is not implicated. See, e.g., United States v. Owens, 484 U.S. 554, 560 (1988)( "We do not think that a constitutional line drawn by the Confrontation Clause falls between a forgetful witness' live

testimony that he once believed this defendant to be the perpetrator of the crime, and the introduction of the witness' earlier statement to that effect.")

In <u>Crawford</u>'s wake, those courts that have considered the admissibility of grand jury transcripts of testifying trial witnesses dismissed challenges based on the Confrontation Clause. <u>Isler v. United States</u>, 824 A.2d 957, 961 (D.C. 2003)(dismissing Confrontation Clause challenge to admissibility of grand jury testimony of trial witnesses who no longer remembered fatal shooting, because defendant had opportunity to cross-examine those witnesses at trial); <u>State v. Gorman</u>, 854 A.2d 1164 (Me. 2004) (dismissing Confrontation Clause challenge to admissibility of grand jury testimony of defendant's mother, who no longer remembered inculpatory statements defendant made to her); <u>People v. Linton</u>, __ N.Y.S.2d __ (N.Y. App. Div. Sept. 6, 2005) (dismissing Confrontation Clause challenge to admissibility of grand jury testimony of shooting victim who no longer remembered details of shooting incident). This court should reach a similar conclusion.

### III. **The Transcript will be Read into the Record, Not Offered as an Exhibit**

Under the Federal Rules of Evidence, the party seeking to use a past recollection can read the relevant portions of the statement into the trial record, but cannot offer the statement as an exhibit. <u>Fed.R.Evid</u>. 803(5). It is only admissible as an exhibit if offered by the adverse party. <u>Id.</u> Thus, in this case, in

4

accordance with Rule 803(5), the government proposes merely reading the relevant portions, page 6 line 16 through page 8 line 13 (see Attachment A), of Ms. Despres' grand jury transcript into the record.[1]  The transcript itself will not become an exhibit unless offered by the defendants.

## CONCLUSION

Ms. Despres' grand jury transcript will qualify as a past recollection recorded.  Moreover, because Ms. Despres will testify at trial, Crawford is not implicated.  Thus, in accordance with Rule 803(5) of the Federal Rules of Evidence, this court should allow the government to read relevant portions of her grand jury transcript into the record at trial.

                                              Respectfully submitted,

                                              MICHAEL J. SULLIVAN
                                              United States Attorney

                                   By:   /s/ S. Waqar Hasib
                                              DONALD L. CABELL
                                              S. WAQAR HASIB
                                              Assistant U.S. Attorneys

---

[1] Should the defendants seek to admit other portions of Ms. Despres' testimony as past recollections recorded, the government would have no objection.