```
               UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA    )
                            )
        v.                  )
                            )
BRIAN TODD and              )    CR. NO. 04-10246-PBS
SHAUN TODD                  )

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE**

The United States of America, through its attorneys Michael J. Sullivan, United States Attorney, and Assistant United States Attorneys Donald L. Cabell and S. Waqar Hasib, hereby responds to the defendants' motions in limine seeking exclusion of (1) Shaun Todd's alleged admission to Taryn Tinkham, (2) the use of the admission against Brian Todd, and (3) anticipated testimony that Brian Todd gave books of stamps to Taryn Tinkham.

1. The government opposes the motion to exclude Shaun Todd's admission because the statement is admissible as a statement of the defendant.  Even assuming, as the defendant asserts, that the statement must be inculpatory, the admission surely is inculpatory where Shaun Todd reportedly stated that he drove Brian to the ATM knowing it was to commit the theft. Indeed, the Court had previously ruled orally in response to the government's motion to admit the statement that the statement is admissible as a statement of the defendant, and there nothing in the defendants' motion suggests any reason for the Court to revisit it's ruling.

2. The government opposes as moot the defendant's motion to exclude Shaun Todd's admission against Brian Todd. The government has already indicated that it would eliminate any <u>Bruton</u> issues by having the witness testify that Shaun Todd stated he participated in the theft with another person rather than with Brian.

3. The government opposes the motion to exclude testimony by Taryn Tinkham that Brian Todd gave her hundreds of dollars worth of books of stamps at some point following the theft. The evidence is relevant because $100,000 in cash and $594.00 in stamps were taken during the theft. Evidence that Brian Todd had a large quantity of stamps in similar form following the theft is, like evidence of his spending, probative on whether he was involved in the theft. Ms. Tinkham also reportedly will testify that Brian Todd told her the stamps came from Brinks, an assertion which the government expects the evidence will refute.

It is true that the government first disclosed this evidence on September 23, 2005, but that is when the undersigned first learned of it in the course of speaking with Ms. Tinkham. The disclosure thus does not violate any discovery order or Rule 16 because this event does not constitute a written or recorded statement that was in the government's possession. Further, the government has spoken with Ms. Tinkham on a number of occasions and called her before the grand jury twice, and thus submits that it exercised due diligence in seeking to learn of any statements.

Further still, assuming the government's ongoing discovery obligations require the disclosure of such information when it is obtained, that is exactly what the government did in this instance. Finally, it bears noting for the sake of argument that, if the evidence at issue had been exculpatory rather than inculpatory, the remedy still would not be exclusion but, rather, a continuance to give the defense time to incorporate the evidence into its defense. Here, where the government expects that Taryn Tinkham will not testify before Wednesday, September 28th, the defendants will have had five days to consider what to make of the evidence. The Court should deny the motion.

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

BY: /s/Donald L. Cabell
DONALD L. CABELL
S. WAQAR HASIB
Assistant U.S. Attorneys
One Courthouse Way, Suite 9200
Boston, MA 02210